▪ ANTHONY CELESTE et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 46460.) — Cross appeals from a judgment in favor of claimants, entered April 12, 1968, upon a decision of the Court of Claims. Claimants were awarded $49,110.41, including interest, for the appropriation in 1965 of their property in the Town of Owego in Tioga County. In 1957 the State had appropriated some of claimants' lands, resulting in an award which we affirmed (*Celeste* v. *State of New York*, 15 A D 2d 593). In that litigation, claimants' remaining land, consisting of 11.16 acres, was valued by the trial court *after* the taking at $7,500. We are now concerned with an additional 8.658± acres taken from the same parcel. The State's appraiser valued the property before the taking at $3,000 per acre for a total before value in excess of $33,000. Claimants' expert posited a before value of $7,000 an acre for a total in excess of $77,000. The trial court found a before value of $4,000 per acre in computing its award. It is not disputed that the award and all elements thereof are within the range of testimony. However, the State contends that the court erred in not using the after value of $7,500 found in the 1957 litigation as a base figure to which adjustments should be made in determining the before value in the present case. During the course of trial, the State attempted to offer evidence in the form of an alternative valuation by their expert, using $7,500 as a base, although the expert had not followed such an approach in his appraisal. The court disallowed this offer on the grounds that evidence of value in 1957 was too remote in time to be of probative worth as to the taking in 1965; that he was not bound by *res judicata* to consider the findings in the prior litigation; and that rule 25a of the Court of Claims (22 NYCRR 1200.27) barred consideration of evidence which had no foundation in the expert's appraisal. We note that the trial court did take judicial notice of the findings in the 1957 case. Nothing more was required than to give that "evidence" such weight as the court deemed appropriate. Furthermore, it was not error to find the 1957 valuation to be remote as to the 1965 taking, particularly in view of the fact that all the comparable sales used by both appraisers were at least three years more recent, and the State's expert used comparables in determining before value which went back no farther than 1963. The State's other contentions have been examined and found to be without merit. Similarly, we find no merit in the claimants' cross

appeal. Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Kane and Reynolds, JJ., concur. [56 Misc 2d 991.]